COELING *v.* MOES

1. APPEAL AND ERROR—COURTS—TRIAL COURT ORDERS—AFFIRMATION
   —EVIDENCE—COMPETENCY—FINDINGS OF FACT.
   Trial court's judgment will be affirmed where its findings of
   fact are supported by competent evidence and are not clearly
   erroneous (GCR 1963, 517.1).

2. EQUITY—TRUSTS—CONSTRUCTIVE TRUST—CONSTRUCTIVE FRAUD.
   Constructive fraud is a basis for a constructive trust, raised
   by equity to work a just result.

3. EQUITY—TRUSTS—FRAUD—PROPERTY—FIDUCIARY RELATIONSHIP.
   A party obtaining legal title to property by fraud, or by viola-
   tion of confidence or of a fiduciary relationship, or in any
   other unconscientious manner, cannot equitably retain that
   property which really belongs to another, for equity will
   impress a constructive trust upon that property in favor of
   the one who in good conscience is entitled to it and who
   is considered to be the beneficial owner.

4. REFORMATION OF INSTRUMENTS—CONTRACTS—LAND CONTRACTS—
   PROPERTY—ENTIRETIES PROPERTY—HUSBAND AND WIFE—ACCOUNTS
   —CONSTRUCTIVE TRUSTS—EQUITY.
   Plaintiff husband was entitled to reformation of a land con-
   tract to include his name as a tenant by the entireties where
   his wife, who conducted all their business, indorsed his checks
   and deposited them in a joint account to which they both
   contributed, and allowed the husband to prepare a homesite
   on and to share in the rent from the property which she had
   purchased solely in her name with their jointly accumulated
   funds.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 704.
[2, 3] 54 Am Jur, Trusts §§ 218, 219, 225.
[4] 45 Am Jur, Reformation of Instruments § 36.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 January 9, 1970, at Grand Rapids. (Docket No. 7,074.)   Decided March 30, 1970.

Complaint by Harry Coeling against William Moes, Jane Moes and Dean Coeling, his wife, for reformation of land contract.   Judgment for plaintiff.   Defendant Dean Coeling appeals.   Affirmed.

*James W. Bussard,* for plaintiff.

*Lokker, Boter & Dalm,* for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM.   Plaintiff brought this action in Ottawa County circuit court for reformation of a land contract to include his name as a tenant by the entireties.   The land was purchased with joint funds by his wife, Dean Coeling, from her parents, the other defendants.

According to the defendant's testimony, she conducted all the business for the two of them.   She made a practice of endorsing checks made out to plaintiff and depositing them in their joint account. The testimony of both plaintiff and defendant clearly shows that they both contributed their efforts to the acquisition of the moneys in the joint account. The trial court, relying on this joint contribution and the fact that defendant allowed plaintiff to prepare a home site on the purchased land plus the fact that she allowed him to share the 1966 rent ordered reformation of the contract to include the plaintiff's name as a tenant by the entireties.

After a review of the transcript and record on appeal, we find that the trial court's findings of

facts were supported by competent evidence and are not clearly erroneous. GCR 1963, 517.1.

The law applicable to this case is stated in *Ridky* v. *Ridky* (1924), 226 Mich 459, 473:

"In purchasing this property Mrs. Ridky was acting as agent for her husband so far as his interests were involved. She was intrusted with the entire management of the negotiations and purchase. It was distinctly understood between them that the transfer by the grantor of the property purchased was to be for the benefit of both. It was therefore her duty to have the conveyance made to both or if to herself alone for any reason, then to have a trust in his favor distinctly declared in the conveyance. Under suggested facts somewhat analogous it was said by Justice COOLEY in *Fisher* v. *Fobes* (1871), 22 Mich 454:

" '[I]f he (the agent) failed to have (the) conveyance made in proper form for the protection of complainant's interests, he would have been chargeable with constructive fraud, and a court of equity would have given complainant the proper relief.'

"Constructive fraud is a basis for a constructive trust, raised by equity to work a just result.

" 'All instances of constructive trust may be referred to what equity denominates "fraud," either actual or constructive, including acts or omissions in violation of fiduciary obligations. If one party obtains the legal title of property, not only by fraud, or by violation of confidence or fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner. 1 Pomeroy, Equity Jurisprudence, § 155.' *Nester* v. *Gross* (1896), 66 Minn 371 (69 NW 39)."

We find as was found in *Ridky,* that defendant worked a constructive fraud upon the plaintiff by the use of their jointly accumulated funds in the purchase of the land solely in her name. See also *Chlebek* v. *Mikrut* (1953), 336 Mich 414, 420, 421.

Therefore, we affirm the trial court's order of reformation.

Affirmed. Costs to plaintiff.